UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND T. JEDLOWSKI, JR.

    Plaintiff,

v.

TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; and DEBT RECOVERY SOLUTIONS, LLC,

    Defendants.

Case No. 1:17-cv-1054

Hon.

## COMPLAINT AND JURY DEMAND

Plaintiff Raymond T. Jedlowski, Jr., by and through his counsel, for his Complaint against Defendants Trans Union, LLC; Equifax Information Services, LLC; and Debt Recovery Solutions, LLC, states as follows:

### INTRODUCTION

1.   This is an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*

2.   Defendant Debt Recovery Solutions, LLC ("DRS"), a debt buyer and debt collector, communicated false and misleading debt information to Defendants Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") and to Plaintiff, in an effort to collect an illegitimate and nonexistent debt. This violated the FDCPA and MRCPA.

3. Defendants Trans Union and Equifax, two of the largest national Consumer Reporting Agencies ("CRAs"), are under a continuing obligation pursuant to the FCRA to follow reasonable procedures to ensure "maximum possible accuracy" in consumer credit reports. 15 U.S.C. § 1681e(b).

4. Defendants Trans Union and Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer credit reports. Both Trans Union and Equifax, knowing that DRS was a debt buyer and/or debt collector and not an original creditor of Plaintiff, failed to remove the DRS tradeline from their files and from consumer credit reports regarding Plaintiffs, despite that DRS had not updated the credit information it furnished to them in more than 16 months and was thus at an unreasonably heightened risk for inaccuracy.

5. Defendants published false and derogatory debt and credit information about Plaintiff which harmed Plaintiff's credit score, standing and reputation, causing Plaintiff to be denied credit, and causing Plaintiff to suffer embarrassment, humiliation, mental stress, and emotional distress.

6. Trans Union and Equifax provided Plaintiff's credit report, containing erroneous information furnished by DRS, to third parties, who then used such reports to make creditworthiness determinations about him. As a result, his credit score was adversely affected, his credit standing with his creditors was adversely affected, and he was denied the opportunity to obtain credit on favorable terms.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681n, 1681o, and 1692k. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8.      Venue is appropriate in this Court because the conduct complained of took place within this District.

## THE PARTIES

9.      Plaintiff is a natural person residing in Caledonia, Michigan.

10.     Plaintiff is a "consumer" as defined in the FCRA, 15 U.S.C. § 1681a(c), the FDCPA, 15 U.S.C. § 1692a(3), and the MRPCA, M.C.L. § 445.251(d).

11.     DRS is a limited liability company headquartered in and organized under the laws of the State of New York. DRS regularly collects debts that are incurred primarily for personal, family or household purposes, and are owed to third parties. DRS collects such debts using interstate wires and mails. DRS's principal business purpose is the collection of consumer debts.

12.     DRS is a "debt collector" as defined and used in the FDCPA.

13.     DRS is not a licensed collection agency in the State of Michigan, but collects consumer debts within the State of Michigan. DRS is a "regulated person" as that term is defined and used in the MRCPA.

14.     Trans Union is a limited liability company organized under the laws of the State of Delaware. Trans Union is a "consumer reporting agency" as defined in the FCRA, 15 U.S.C. § 1681a(f).

15.     Equifax is a limited liability company organized under the laws of the State of Georgia. Equifax is a "consumer reporting agency" as defined the FCRA, 15 U.S.C. § 1681(f).

## FACTS

16.     As of October 23, 2017, Trans Union's credit file regarding Plaintiff reflected that he owed a debt to DRS, a "COLLECTION AGENCY," in the amount of $8,724, and that the

original creditor for this debt was "CASCADE CAPITAL LLC," as well as a collection of other information about the purported delinquent debt (the "DRS Tradeline").

17. As of October 23, 2017, and from as early as late 2015, the DRS Tradeline appeared, in every Trans Union consumer credit report obtained by creditors and prospective creditors of Plaintiff, substantially as follows:

```
Consumer Credit Report for RAYMOND THOMAS JEDLOWSKI JR          File Number: 371646385   Date Issued: 10/23/2017

DEBT RECOVERY SOLUTIONS #927026000402**** ( 6800 JERICHO TURNPIKE, SUITE 113E, SYOSSET, NY 11791, (516) 228-7110 )
Placed for collection: 10/05/2015    Balance:           $8,724                Pay Status:  >In Collection<
Responsibility:   Individual Account  Date Updated:      06/28/2016
Account Type:     Open Account        Original Amount:   $8,724
Loan Type:        COLLECTION AGENCY/ATTORNEY   Original Creditor:   CASCADE CAPITAL LLC (Financial)
                                      Past Due:          >$8,724<

Remarks: >PLACED FOR COLLECTION<
```

18. Plaintiff has never obtained or opened a credit account with Cascade Capital LLC, or obtained any goods or services from Cascade Capital LLC.

19. Plaintiff has never received any correspondence or communication from DRS regarding the purported account or debt reflected in the DRS Tradeline.

20. Plaintiff has never received any correspondence or communication from Cascade Capital LLC.

21. The DRS Tradeline contains information, purportedly about Plaintiff, that is materially misleading and derogatory.

22. DRS subscribes to consumer credit reporting services provided by Trans Union, and reported the information reflected in the DRS Tradeline to Trans Union.

23. The information provided by DRS to Trans Union and reflected in the DRS Tradeline was false and misleading.

24. DRS provided the information reflected in the DRS Tradeline to Trans Union for the purpose of collecting a purported debt from Plaintiff.

25. The telephone number for DRS reflected in the DRS Tradeline, (516) 228-7110, is a number used by DRS to connect debtors to collections agents employed by DRS and to accept payments.

26. Trans Union knows, because information provided by DRS to Trans Union reflects, that DRS is in the business of purchasing and collecting debts and is a debt collector.

27. Trans Union knows that information furnished by debt collectors and debt buyers, because they are not the original creditors and typically do not have access to the original creditors' account records, is particularly likely to contain inaccuracies and outdated information.

28. The DRS Tradeline persists in Trans Union's credit file relating to Plaintiff, and continues to be reported, despite that Trans Union has received no updated information regarding the DRS Tradeline since June 28, 2016.

29. As of October 23, 2017, Equifax's credit file regarding Plaintiff reflected that he owed a debt to DRS, a "Debt Buyer," in the amount of $8,724, as well as a collection of other information about the purported delinquent debt (the "DRS Tradeline").

30. As of October 23, 2017, and from as early as late 2015, the DRS Tradeline appeared, in every Equifax consumer credit report obtained by creditors and prospective creditors of Plaintiff, substantially as follows:

**Debt Recovery Solutions, LLC** — 900 Merchants Concours Westbury NY 11590-5142 : (516) 228-7110

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 927026000402* | 10/05/2015 | $8,724 | | | | 6 | | Financial |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/28/2016 | $8,724 | $8,724 | | | | 01/2011 | | 12/2015 | | | | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Collection Account;

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 09/17 | No Data Available | | | | | | | | |
| 08/17 | No Data Available | | | | | | | | |
| 07/17 | No Data Available | | | | | | | | |
| 06/17 | No Data Available | | | | | | | | |
| 05/17 | No Data Available | | | | | | | | |
| 04/17 | No Data Available | | | | | | | | |
| 03/17 | No Data Available | | | | | | | | |
| 02/17 | No Data Available | | | | | | | | |
| 01/17 | No Data Available | | | | | | | | |
| 12/16 | No Data Available | | | | | | | | |
| 11/16 | No Data Available | | | | | | | | |
| 10/16 | No Data Available | | | | | | | | |
| 09/16 | No Data Available | | | | | | | | |
| 08/16 | No Data Available | | | | | | | | |
| 07/16 | No Data Available | | | | | | | | |
| 06/16 | $8,724 | | | | $8,724 | | $8,724 | Debt Buyer Account | |

Additional Information: Collection Account

31. Equifax's reports regarding Plaintiff, including reports obtained by Plaintiff from Equifax, do not disclose any original creditor name or indicate in any way the identity of the original creditor of the debt purportedly owed to DRS.

32. Plaintiff has never received any correspondence or communication from DRS regarding the purported account or debt reflected in the DRS Tradeline.

33. The DRS Tradeline contains information, purportedly about Plaintiff, that is materially misleading and derogatory.

34. DRS subscribes to consumer credit reporting services provided by Equifax, and reported the information reflected in the DRS Tradeline to Equifax.

6

35. The information provided by DRS to Equifax and reflected in the DRS Tradeline was false and misleading.

36. DRS provided the information reflected in the DRS Tradeline to Equifax for the purpose of collecting a purported debt from Plaintiff.

37. Equifax knows that information furnished by debt collectors and debt buyers, because they are not the original creditors and typically do not have access to the original creditors' account records, is particularly likely to contain inaccuracies and outdated information.

38. The DRS Tradeline persists in Equifax's credit file regarding Plaintiff, and continues to be reported by Equifax, despite that Equifax has received no updated information regarding the DRS Tradeline since June 28, 2016.

39. The DRS Tradeline persists in Equifax's credit file regarding Plaintiff, and continues to be reported by Equifax, despite that DRS did not provide the identity of the original creditor to Equifax when it furnished the information reflected in the DRS Tradeline to Equifax.

40. During 2014 and 2015, Trans Union and Equifax were investigated by officials in 31 states, including Michigan's Attorney General (together, "State Officials"), in connection with their reporting of inaccurate consumer information furnished by debt collectors. (Ex. 1, Assurance of Voluntary Compliance.)

41. The State Officials contended that the Trans Union's and Equifax's practice of maintaining and reporting tradelines furnished by debt collectors violated state law and the FCRA where the furnisher had not provided updated information them within the six (6) months prior to the issuance of a consumer credit report, because such tradelines were likely to contain inaccurate or outdated consumer information.

42. To avoid regulatory action by the State Officials, Trans Union and Equifax reached a settlement with the State Officials that required Trans Union and Equifax to "require collection agencies or debt purchasers ("Collection Furnishers") to furnish the name of the Original Creditor … and reject data that is not provided with the name of the Original Creditor and the Creditor Classification Codes." (*Id.* at p. 11.)

43. The settlement agreement also required Trans Union and Equifax to periodically remove or suppress "all collection accounts that have not been updated by the Collection Furnisher within the last six months." (*Id.* at p. 12.)

44. Trans Union executed the settlement agreement on May 11, 2015. Equifax executed the settlement agreement on May 12, 2015.

45. Trans Union is aware of its obligation under the settlement agreement and under the FCRA to avoid reporting tradelines furnished by debt collectors that have not been updated within a reasonable period of time.

46. Equifax is aware of its obligations under the settlement agreement and under the FCRA to: (1) avoid reporting tradelines furnished by debt collectors that have not been updated within a reasonable period of time; and (2) require debt collector furnishers to provide the identity of the original creditor.

COUNT I
FAIR DEBT COLLECTION PRACTICES ACT
DRS

47. It is unlawful for a debt collector to falsely represent the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

48. It is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

49. It is unlawful for a debt collector to attempt to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

50. It is unlawful for a debt collector to fail to provide a validation notice in substantial compliance with 15 U.S.C. § 1692g(a).

51. DRS has never sent to Plaintiff any written notice containing a statement regarding debt validation or disputes as required by 15 U.S.C. § 1692g(a).

52. It is unlawful for a debt collector to use any "unfair or unconscionable means to collect or attempt to collect" a debt. 15 U.S.C. § 1692f.

53. It is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8).

54. DRS violated 15 U.S.C. §§ 1692e and 1692f.

55. DRS's violations of the FDCPA were willful.

56. DRS's violations fo the FDCPA have proximately caused actual harm and damage to Plaintiff including reducing his credit standing and reputation for timely payment of his financial obligations, and diminishing Plaintiff's ability to obtain credit on favorable terms.

WHEREFORE, Plaintiff requests that judgment be granted in his favor against DRS specifying the following relief:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.
b. Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and
c. Such further relief as the Court deems just and proper.

## COUNT II
## MICHIGAN REGULATION OF COLLECTION PRACTICES ACT
## DRS

57. It is unlawful for a regulated person to communicate with a debtor in a misleading or deceptive manner. M.C.L. § 445.252(a).

58. It is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. M.C.L. § 445.252(e).

59. It is unlawful for a regulated person to use a harassing, oppressive, or abusive method to collect a debt. M.C.L. § 445.252(n).

60. DRS violated the MRCPA.

61. DRS's violations of the MRCPA were willful.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor against DRS specifying the following relief:

a. Treble actual damages pursuant to M.C.L. § 445.257(2);

b. Statutory damages pursuant to M.C.L. § 445.257(2);

c. Costs and attorney fees pursuant to M.C.L. § 445.257(2); and

d. Any and all further legal and equitable relief as the Court deems just.

## COUNT III
## FAIR CREDIT REPORTING ACT
## Trans Union

62. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

63. Such reports contained information about Plaintiff's purported DRS account that was false, misleading, and inaccurate.

64. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

65. As a direct and proximate result of such conduct, Plaintiff suffered actual damage.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor against Trans Union specifying the following relief:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

c. Costs and attorney fees pursuant to 15 U.S.C. § 1681n(a)(3)

## COUNT IV
## FAIR CREDIT REPORTING ACT
### Equifax

66. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

67. Such reports contained information about Plaintiff's purported DRS account that was false, misleading, and inaccurate.

68. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

69. As a direct and proximate result of such conduct, Plaintiff suffered actual damage.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor against Equifax specifying the following relief:

11

a. Actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

c. Costs and attorney fees pursuant to 15 U.S.C. § 1681n(a)(3)

Respectfully submitted,

Dated: November 30, 2017  /s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49528
(616) 288-9548
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,

Dated: November 30, 2017  /s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

12